**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                        )
MARY L. COLTRANE,                        )
                                                        )
             Plaintiff-Administratrix,       )
                                                        )
      v.                                                )        Civil Action No. 11-117 (RBW)
                                                        )
HARLEY G. LAPPIN,[1] et al.,              )
                                                        )
             Defendants.                          )
_____)

<u>**MEMORANDUM OPINION**</u>

      Plaintiff Mary L. Coltrane, proceeding <u>pro se</u>, brings this action on behalf of herself and

her deceased son, Carlton Coltrane, who was allegedly "murdered on January 18, 2010, while

under the care, custody, and control of the [d]efendants at the United States Penitentiary,

Pollock, Louisiana ("USP Pollock")."  First Amended Complaint for Monetary Damages,

Declaratory Relief, Jury and Bench Trial ("Am. Compl.") at 2-3.  Currently before the Court is

the defendants' motion to dismiss Counts 1 through 3 of the amended complaint or, in the

alternative, to transfer this case to the United States District Court for the Western District of

Louisiana ("Defs.' Mot.").  Upon careful consideration of the parties' submissions,[2] the Court

---

[1] Because defendant Lappin is sued in his individual rather than his official capacity, the Court will not substitute his
successor-in-office pursuant to Federal Rule of Civil Procedure 12(d) ("An action does not abate when a public
officer <u>who is a party in an official capacity</u> dies, resigns, or otherwise ceases to hold office while the action is
pending.  The officer's successor is automatically substituted as a party.  Later proceedings should be in the
substituted party's name." (emphasis added)).

[2] In addition to the filings already identified, the Court considered the following submissions in rendering its
decision: (1) the Memorandum in Support of Defendants' Motion to Dismiss Counts 1 through 3 of Plaintiff's First
Amended Complaint or in the Alternative Transfer ("Defs.' Mem."); (2) the Plaintiff's Response to Defendants'
Motion to Dismiss Counts 1 through 3 or in the Alternative Transfer ("Pl.'s Opp'n"); and (3) the Reply in Support of
Defendants' Motion to Dismiss Counts 1 through 3 of Plaintiff's First Amended Complaint or in the Alternative
Transfer ("Defs.' Reply").

concludes for the following reasons that the defendants' alternative motion to transfer must be granted.

## I. BACKGROUND

The amended complaint contains the following pertinent allegations.  The plaintiff is a resident of the District of Columbia and the mother of the decedent, Carlton Coltrane, Am. Compl. ¶ 3, who was a federal prisoner detained at USP Pollock, id. at 1-2.  "On various occasions before January 18, 2010, Mr. Coltrane had informed USP Pollock staff, verbally and in writing, that he should be separated from the assailant or assailants involved in his murder, but [they] ignored these notices" and generally failed to comply with Federal Bureau of Prisons' ("BOP") policies in handling his complaints.  Id. ¶ 18.  Then, "[o]n January 18, 2010, [Mr.] Coltrane was stabbed and murdered by one or more assailants at USP Pollock."  Id. ¶ 15.  The plaintiff was notified of her son's death on January 20, 2010.  Id.

The plaintiff instituted this action on January 18, 2011, and subsequently amended her complaint on December 16, 2011.  The amended complaint names ten individual defendants, id. at 1-2, including Harley G. Lappin, former Director of the BOP, and Gerardo Maldonado, Jr., the Regional Director of the BOP charged with overseeing USP Pollock, see id. ¶¶ 4-5.  The remaining eight individual defendants were employees of USP Pollock at the time of Mr. Coltrane's death.  See id. ¶¶ 6-13.  They are Joe Keffer; Newton E. Kendig, M.D.; Joel Alexander; John Doe or Jane Doe Operations Lieutenant; Willis Steortz, R.N.; Andre Molina Ossers, M.D.; Willie Vasquez, P.A.; and Dalynn Lentz, R.N.  Id. at 1-2.  All of these defendants are sued "in their personal and individual capacities."  Id. at 2; see also ¶¶ 4-13.  The United States is also named as a defendant.  Id.  ¶ 14.

The amended complaint sets forth three counts against the individual defendants: Count 1 asserts that the "individual [d]efendants engaged in a cover-up and conspiracy and continue to cover[]up the true facts of the murder of Carlton Coltrane in violation of [the plaintiff's] right to due process pursuant to [the] Fifth Amendment to the United States Constitution and the laws of the District of Columbia; Count 2 asserts that "[d]efendants Lappin, Maldonado, Keffer, John Doe or Jane Doe Operations Lieutenant, and Alexander maliciously deprived Carlton Coltrane of his life through their purposeful and deliberate failure to separate and protect him from the assailant or assailants that they knew or should have known were intent on doing him grievous bodily harm in violation of the Eighth Amendment to the United States Constitution and the laws of the District of Columbia"; and Count 3 asserts that "[d]efendants Kendig, Alexander, Steortz, Molina Ossers, Vasquez, and Lentz maliciously deprived Carlton Coltrane of his life through their purposeful and deliberate failure to provide adequate medical care and transportation in a timely manner to the proper medical facilities in violation of the Eighth Amendment to the United States Constitution and the laws of the District of Columbia." Id. ¶¶ 21-23. Count 4 of the amended complaint asserts a tort claim against the United States for Mr. Coltrane's "personal injury and death," id. ¶¶ 24, 14, pursuant to the Federal Tort Claims Act ("FTCA"), id. ¶ 1.

The defendants have now moved to dismiss Counts 1 through 3 of the amended complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), lack of personal jurisdiction under Rule 12(b)(2), improper venue under 12(b)(3), improper service of process under Rule 12(b)(5), and failure to state a claim upon which relief can be

granted under Rule 12(b)(6).  See Defs.' Mot. at 1.  In the alternative, the defendants request that

the Court transfer this case to the Western District of Louisiana.  Id.[3]

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(3) authorizes a party to move for dismissal of a

complaint for "improper venue."  "'In considering a Rule 12(b)(3) motion, the court accepts the

plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences

from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's

favor.'"  Sierra Club v. Johnson, 623 F. Supp. 2d 31, 34 (D.D.C. 2009) (quoting Darby v. U.S.

Dep't of Energy, 231 F. Supp. 2d 274, 276 (D.D.C. 2002)).  "Nevertheless, a plaintiff 'bears the

burden of establishing that venue is proper.'"  Id. (quoting Varma v. Gutierrez, 421 F. Supp. 2d

110, 113 (D.D.C. 2006)).  If a district court determines that venue is improper, it may either

dismiss the case, "or if it be in the interest of justice, transfer such case to any district or division

in which it could have been brought."  28 U.S.C. § 1406(a).

## III.  ANALYSIS

**A.      The Plaintiff's Claims Against the Individual Defendants**

**1.      Venue**

Counts 1 through 3 of the amended complaint assert constitutional claims under the Fifth

and Eighth Amendments against the individual defendants.  See Am. Compl. ¶¶ 21-23.  The

defendants move to dismiss these claims on the ground of improper venue.  Defs.' Mem. at 34.

The parties initially dispute which venue provision applies here.  The defendants contend

---

[3] The Court will only address the defendants' arguments regarding improper venue because it presents the most straightforward ground upon which to resolve the defendants' motion.

that the general venue provision, 28 U.S.C. § 1391(b),[4] applies because Counts 1 through 3 of the amended complaint seek money damages from the defendants in their individual capacities pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), Defs.' Mem. at 34, and because "[v]enue in a <u>Bivens</u> case is governed by 28 U.S.C. § 1391(b)," <u>Simpson v. BOP</u>, 496 F. Supp. 2d 187, 193 (D.D.C. 2007) (citing, among others, <u>Cameron v. Thornburgh</u>, 983 F.2d 253, 257 (D.C.Cir.1993)).  The plaintiff, on the other hand, argues that the venue provision of 28 U.S.C. § 1391(e) applies because she is suing the individual defendants in their "official capacities."[5]  <u>See</u> Pl.'s Opp'n at 2-4.

Even giving her the benefit of her <u>pro se</u> status, the Court finds the plaintiff's position meritless.  First, her amended complaint premises venue in this Court solely on § 1391(b); it does not mention § 1391(e).  <u>See</u> Am. Compl. ¶ 2.  Second, although the plaintiff now argues that she is suing the individual defendants in their official capacities and apparently is not advancing

---

[4] 28 U.S.C. 1391(b) provides as follows:

> (b) Venue in general.—A civil action may be brought in—

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

[5] 28 U.S.C. § 1391(e)(1) provides as follows:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action. Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.

<u>Bivens</u> claims, her amended complaint asserts constitutional claims against the defendants <u>only</u> in their "individual capacities," <u>id.</u> at 2, ¶¶ 4-13, and requests "[c]ompensatory damages from each individual [d]efendant," <u>id.</u> at 12.[6]  These are quintessential <u>Bivens</u> claims.  See <u>Scinto v. BOP</u>, 608 F. Supp. 2d 4, 8 (D.D.C. 2009) ("<u>Bivens</u> by its very nature is a private damages action against individual federal employees for violating a citizen's constitutional rights").  Because "§ 1391(e) applies only to suits against government officers in their official capacities, [and] not to <u>Bivens</u> actions," <u>Cameron</u>, 983 F.2d at 256, the controlling venue provision here is § 1391(b).[7] See <u>Joyner v. Reno</u>, 466 F. Supp. 2d 31, 41 (D.D.C. 2006) ("While § 1391(e) applies to suits against government officials acting in their official capacities, . . . the proper venue provision for this and other cases in which federal officials are sued in their individual capacities based on federal question jurisdiction is 28 U.S.C. § 1391(b)." (internal citation and footnote omitted)).

Having determined the applicable venue provision, the question now becomes whether venue properly lies in this District under § 1391(b) with respect to the plaintiff's <u>Bivens</u> claims. Section 1391(b) provides that a civil action may be brought in any judicial district (1) "in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) "if there is no

---

[6] Even assuming the plaintiff had asserted claims for money damages against the individual defendants in their official capacities, the Court would lack subject matter jurisdiction over those claims due to sovereign immunity. See <u>Clark v. Library of Congress</u>, 750 F.2d 89, 103 (D.C. Cir. 1984) ("Sovereign immunity . . . bar[s] suits for money damages against officials in their <u>official</u> capacity absent a specific waiver by the government." (emphasis in original)).

[7] In addition to seeking money damages, the amended complaint requests a declaratory judgment pursuant to 22 U.S.C. § 2201 that "the practices, acts, and omissions complained of herein violate[d]" the plaintiff's rights.  Am. Compl. at 12.  Assuming that this request for declaratory relief could be construed as a non-monetary claim against the individual defendants in their official capacities, § 1391(e) would indeed be the controlling venue provision for this claim.  See <u>Cameron</u>, 983 F.2d at 256-57.  Nevertheless, the Court would lack subject matter jurisdiction over the claim because an official capacity suit against a federal employee is deemed a suit against the United States, and "the Declaratory Judgment Act, 28 U.S.C. § 2201, does not waive the federal government's sovereign immunity." <u>Scinto</u>, 608 F. Supp. 2d at 9 n.2.

district in which an action may otherwise be brought as provided in this section, any judicial

district in which any defendant is subject to the court's personal jurisdiction with respect to such

action." 28 U.S.C. § 1391(b)(1)-(3).  As the defendants argue and the plaintiff does not contest,

see Defs.' Mem. at 34-35; Pl.'s Opp'n at 2-4, none of the provisions of § 1391(b) authorize

venue in this District because: (1) all of the individual defendants do not reside in the District of

Columbia; (2) a substantial part of the events or omissions giving rise to the plaintiff's claims (all

of which relate to the treatment and murder of her son at USP Pollock) did not occur in the

District of Columbia; and (3) there is a judicial district in which venue would be proper under §

1391(b)(2)—the Western District of Louisiana.[8]

 While not disputing the impropriety of venue in this District under § 1391(b), the plaintiff

asserts, without elaboration, that this Court should entertain her Bivens claims against the

individual defendants pursuant to the doctrine of "pendent venue."  Pl.'s Opp'n at 4.  Generally,

a plaintiff must "demonstrate proper venue with respect to each cause of action and each

[defendant]."  Lamont v. Haig, 590 F.2d 1124, 1135 (D.C. Cir. 1978).  But when venue lies for

some of a plaintiff's claims, the doctrine of pendent venue may allow the court to entertain other

claims that are not properly venued in the court.  Reuber v. United States, 750 F.2d 1039, 1048

(D.C. Cir. 1984), overruled on other grounds by Kauffman v. Anglo-Am. Sch. of Sofia, 28 F.3d

1223 (D.C. Cir. 1994).  "Pursuant to pendent venue, federal courts may exercise their discretion

to hear claims as to which venue is lacking if those claims arise out of a common nucleus of

operative facts as the claims that are appropriately venued and the interests of judicial economy

are furthered by hearing the claims together."  Sierra Club, 623 F. Supp. 2d at 37 (emphasis in

original) (citing Beattie v. United States, 756 F.2d 91, 102-03 (D.C. Cir. 1984), abrogated on

---

[8] The Court explains the propriety of venue in the Western District of Louisiana infra.

other grounds by <u>Smith v. United States</u>, 507 U.S. 197 (1993)).  "The judicial efficiency

rationale for pendent venue makes it clear that 'a district court has wide discretion to refuse to

hear a pendent claim.'"  <u>Reuber</u>, 750 F.2d at 1048 (citation omitted).

  Here, the Court declines to exercise pendent venue over the plaintiff's <u>Bivens</u> claims

against the individual defendants.  To be sure, venue is proper in this Court as to the plaintiff's

FTCA claim against the United States because the plaintiff resides in the District of Columbia.

<u>See</u> 28 U.S.C. § 1402(b) ("Any civil action on a tort claim against the United States under

subsection (b) of section 1346 of this title may be prosecuted only <u>in the judicial district where

the plaintiff resides</u> or wherein the act or omission complained of occurred." (emphasis added));

Defs.' Reply at 8 (conceding that "this District is the proper venue for [the p]laintiff's claim

under the Federal Tort Claims Act").  The plaintiff's FTCA claim could, therefore, serve as the

requisite "hook" for the Court to exercise pendent venue over the plaintiffs' <u>Bivens</u> claims.  The

Court finds for the following reasons, however, that exercising pendent venue here would not

"'further[] the goals of judicial economy, convenience, and fairness to the litigants.'"  <u>Beattie</u>,

756 F.2d at 103 (citation omitted).  First, considerations of convenience, such as proximity to

witnesses and evidence, indicate that the Western District of Louisiana would be a more suitable

forum for this case, given that the events that form the basis for the plaintiff's claims occurred at

USP Pollock in Louisiana.  Second, it would be inefficient to retain venue over the plaintiffs'

<u>Bivens</u> claims because, without reaching the merits of the issue, this Court deems it highly

unlikely that it has personal jurisdiction over at least seven of the individual defendants due to

their lack of contacts with the District of Columbia.  <u>See</u> Defs.' Reply at 2-4 (discussing personal

jurisdiction challenges).  Needless to say, it would be futile to exercise pendent venue with

respect to claims asserted against defendants over which this Court lacks personal jurisdiction. These considerations caution against invoking pendent venue in this case.

     **2.      Transfer or Dismissal**

     Having determined that venue is improper as to the plaintiff's <u>Bivens</u> claims and that pendent venue is inappropriate, the Court may either dismiss the case, "or if it be in the interest of justice, transfer [the] case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Before transferring a case pursuant to § 1406(a), a "district court [must] decide as a preliminary matter that venue and jurisdiction would be proper as to all defendants" in the transferee court.  <u>Sharp Elecs. Corp. v. Hayman Cash Register Co.</u>, 655 F.2d 1228, 1230 (D.C. Cir. 1981) (per curiam).  Once these prerequisites are satisfied, "[t]he decision whether a transfer or a dismissal is in the interest of justice . . . rests within the sound discretion of the district court."  <u>Naartex Consulting Corp. v. Watt</u>, 722 F.2d 779, 789 (D.C. Cir. 1983).  The District of Columbia Circuit favors transfer under § 1406(a) "when procedural obstacles"—such as "lack of personal jurisdiction, improper venue and statute of limitations bars"—"'impede an expeditious and orderly adjudication . . . on the merits.'"  <u>Sinclair v. Kleindienst</u>, 711 F.2d 291, 293-94 (D.C. Cir. 1983) (quoting <u>Goldlawr, Inc. v. Heiman</u>, 369 U.S. 463, 466-67 (1962)).  And transfer is particularly favored over dismissal when the plaintiff is proceeding <u>pro se</u>.  <u>See</u> <u>James v. Verizon Servs. Corp.</u>, 639 F. Supp. 2d 9, 15 (D.D.C. 2009).

     The defendants argue that if the Court decides not to dismiss the plaintiff's <u>Bivens</u> claims, the claims should be transferred to the Western District of Louisiana.  <u>See</u> Defs.' Mem. at 35.  In evaluating whether this case is even <u>eligible</u> for transfer under § 1406(a), the Court must first determine that the transferee court would possess both venue and personal jurisdiction.  <u>See</u> <u>Sharp Elecs. Corp.</u>, 655 F.2d at 1230.  The Court finds that both conditions are satisfied here.  To

begin with, venue for the plaintiff's <u>Bivens</u> claims is proper in the Western District of Louisiana because that is the "judicial district in which a substantial part of the events or omissions giving rise to the claim[s] occurred."  28 U.S.C. § 1391(b)(2); <u>see also</u> Defs.' Reply at 14 (conceding that "venue for this entire case is proper in the Western District of Louisiana").  In addition, the allegations in the amended complaint indicate that the Western District of Louisiana could exercise personal jurisdiction over the individual defendants based on the injuries they allegedly caused in Louisiana and their minimum contacts with that state.  <u>See</u> Am. Compl. ¶¶ 4-13; La. Rev. Stat. Ann. § 13:3201(A)(3) (Louisiana Long-Arm Statute) ("A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any . . . [activity] performed by the nonresident . . . [c]ausing injury or damage by an offense or quasi offense committed through an act or omission in this state."); <u>see also</u> <u>id.</u> § 13:3201(B) ("[A] court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.").  The defendants appear to concede this point.  <u>See</u> Defs.' Mem. at 37 (The "[p]laintiff alleges that [the individual d]efendants caused injuries within Louisiana either through an act or omission in that state or outside of it.  <u>Therefore, the U.S. District Court for the Western District of Louisiana would have personal jurisdiction over these [d]efendants.</u>" (internal citations omitted and emphasis added)).

With the prerequisites of venue and personal jurisdiction in the transferee court being satisfied, the Court has discretion to transfer this case to the Western District of Louisiana if it is "in the interest of justice."  28 U.S.C. § 1406(a).  Upon consideration of the relevant factors, the Court finds that transferring this case would indeed be in the interest of justice for the following reasons.  First, "procedural obstacles" such as "improper venue" and "lack of personal

jurisdiction" will "impede an expeditious and orderly adjudication . . . on the merits'" in this

District, but not in the Western District of Louisiana.  <u>Sinclair</u>, 711 F.2d at 293-94.  Second, the

plaintiff is proceeding <u>pro</u> <u>se</u> and transfer is therefore favored over dismissal.  <u>See</u> <u>James</u>, 639 F.

Supp. 2d at 15.  Third, the Western District of Louisiana is the appropriate forum for this case

because, as already noted, the plaintiff's claims arise principally out of events that occurred at

USP Pollock in Louisiana, and convenience factors consequently weigh in favor of litigating this

case in that District.  Fourth, this lawsuit has no discernible connection to the District of

Columbia.  <u>See</u> <u>Cameron</u>, 983 F.2d at 256 (instructing that "[c]ourts in this circuit must examine

challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff

might manufacture venue in the District of Columbia," particularly when a plaintiff "bring[s] a

suit here that properly should be pursued elsewhere" merely "[b]y naming high government

officials as defendants").[9]  Accordingly, the Court will transfer the plaintiff's <u>Bivens</u> claims to

the Western District of Louisiana pursuant to 28 U.S.C. § 1406(a).

**B.      The Plaintiff's FTCA Claim Against the United States**

The plaintiff's FTCA claim is properly venued in this Court because the plaintiff resides

in the District of Columbia.  <u>See</u> 28 U.S.C. § 1402(b).  But venue for her FTCA claim would <u>also</u>

be proper in the Western District of Louisiana under § 1402(b) because that was the "judicial

district . . . wherein the act or omission complained of occurred."  <u>Id.</u>  Thus, rather than

bifurcating the litigation of the case by transferring only the plaintiff's <u>Bivens</u> claims, the Court

will transfer the <u>entire</u> case to the Western District of Louisiana.  Such an approach is common in

---

[9] The plaintiff attempts to invent some connection to this District by arguing that she "takes issue with a "BOP Program Statement" which was "formulated at the BOP's Central Office in Washington, D.C." and that the defendants supposedly "utilized to improperly transfer Mr. Coltrane to USP Pollock."  Pl.'s Opp'n at 8.  But the plaintiff's challenge to the BOP policy is really an "attack on the implementation of that policy," rather than its formulation.  <u>Zakiya v. United States</u>, 267 F. Supp. 2d 47, 59 (D.D.C. 2003).  And since "the actual implementation by the BOP officials occurred at the facilities where [the plaintiff's son] was incarcerated and not in this district, venue is not appropriate here."  <u>Id.</u>

this Circuit.  See, e.g., Sierra Club, 623 F. Supp. 2d at 38 n.4 ("Although two of Plaintiff's claim

are otherwise subject to proper venue in the District of Columbia, courts in this district have

consistently transferred an entire case to another judicial district, rather than bifurcate the

litigation."); Khalil v. L-3 Comm'ns Titan Group, 656 F. Supp. 2d 134, 137 (D.D.C. 2009)

("Given venue for Khalil's Title VII claim is proper in the Eastern District of Virginia, it is in the

interests of justice and judicial efficiency to transfer all of Khalil's claims[, even the properly

venued ones,] to that venue." (emphasis added)); Saran v. Harvey, No. 04-cv-1847, 2005 WL

1106347, at *4 (D.D.C. May 9, 2005) ("When venue is improper for a Title VII claim, courts

have consistently transferred the entire case, pursuant to 28 U.S.C. § 1406(a), to a judicial district

where venue is appropriate for all claims, rather than split a case apart.").  As in Sierra Club, this

Court "finds that transferring all of the claims to the same forum assures that they will be heard

together, preventing the unnecessary expenditure of judicial and party resources that would

otherwise occur if the claims were heard in multiple judicial districts."  623 F. Supp. 2d at 38.

## IV.  CONCLUSION

For the foregoing reasons, the defendants' alternative motion to transfer is granted.

**SO ORDERED** this 15th day of August, 2012.[10]

REGGIE B. WALTON
United States District Judge

---

[10] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.